IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE R. PEREZ-CARRERA,

    Petitioner,

           v.

UNITED STATES OF AMERICA,

    Respondent.

**Civil No. 12-1716 (SEC)**

## OPINION AND ORDER

Before the Court is the petitioner's show cause response (Docket # 31), and his motion under 28 U.S.C. § 2255. Dockets # 1, 24. After reviewing the filings and the applicable law, his motion is **DENIED**, and this case **DISMISSED** for want of jurisdiction.

**Factual and Procedural Background**

In 1997, the petitioner pled guilty to, inter alia, "aiding and abetting the taking of a motor vehicle by force and violence, intending to cause death or serious bodily harm and resulting in death, in violation of 18 U.S.C. §§ 2 and 2119(3) . . . ." United States v. Perez-Carrera, 243 F.3d 42, 43 (1st Cir. 2001). Judgment ensued, and the petitioner was sentenced to "653 months in prison . . . ." Id. Although the First Circuit affirmed the judgment, id. at 45, the case was remanded "for the entry of a modified sentence," id., which the Court promptly did.

The petitioner then sought habeas relief under 28 U.S.C. § 2255, claiming, among other violations, ineffective assistance of counsel. But his petition was denied on November 25, 2003. Civ. No. 02-1963, Docket # 18. He appealed, but the First Circuit dismissed his case "for lack of jurisdiction because no timely notice of appeal was filed within 60 days of the entry of the November 25, 2005 judgment." No. 05-1592 (1st Cir. Sept. 28, 2005); see Civ. No. 02-1963, Docket # 47.

**CIVIL NO. 12-1716 (SEC)**                                                                                       **Page 2**

Undeterred, the petitioner filed a motion under Fed. R. Civ. P. 60, seeking to "reinstate the appeal period in this case." Civ. No. 02-1963, Docket # 94, p 7. The Court denied his request, holding that it "had no power under Rule 60(a) or otherwise, to reinstate the appeal period in this case." Id. He also appealed that denial, but the First Circuit (again) dismissed his latest appeal, concluding that "there was no claim that appellant did not receive notice of the district court's denial of his Rule 60(b) motion." No. 10-1774 (1st Cir. Jan. 25, 2011); see Civ. No. 02-1963, Docket # 103.

Not content to let the matter rest, on June 14, 2012, the petitioner filed another motion under Rule 60, which was again denied. The Court found that his latest motion was "barred by Muñoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003), as he attack[ed] his underlying conviction. Because plaintiff neither sought nor obtained the required authorization from the United States Court of Appeals for the First Circuit, this court lack[ed] jurisdiction to entertain such motion." Id. (citing Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003)).

Finally, the petitioner filed the instant § 2255 motion. Dockets # 1, 24. But because the petitioner had previously filed (and the Court had already denied) previous § 2255 motions, see discussion above, and because it appeared from the record that the petitioner (again) neither sought nor obtained the requisite authorization from the Court of Appeals, he was ordered "to show cause why this court should not dismiss the instant action for want of jurisdiction insofar as it constitutes an unauthorized second or successive § 2255 petition under 28 U.S.C.A. § 2255(h) and 28 U.S.C. § 2244(b)(1)." Docket # 28, p. 1 (citing Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam)); see Mayle v. Felix, 545 U.S. 644, 656 (2005) ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." (alterations in original)).

**CIVIL NO. 12-1716 (SEC)** **Page 3**

The petitioner complied and showed cause. Docket # 31. He does not allude to new evidence of his innocence; he relies on a putatively "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). He relies on Alleyne v. United States, 133 S.Ct. 2151(2013), in which "the Court held that the Sixth Amendment right to trial by jury requires that the Apprendi doctrine apply equally to facts that increase a mandatory minimum sentence." United States v. Harakaly, 734 F.3d 88, 94 (1st Cir. 2013) (citing Alleyne, 133 S.Ct. at 2155) (footnote omitted).[1]

**Standard of Review**

Prior to prosecuting a second or ensuing habeas petition in the district court, the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that prisoners obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255); Raineri v. United States, 233 F.3d 96, 99 (1st Cir. 2000). Section 2255 of the Act is unequivocal that

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

And the First Circuit has made clear that district courts lack "jurisdiction to consider a second or successive petition without our authorization." Gautier v. Wall, 620 F.3d 58, 61 (1st

---

[1] The petitioner also appears to maintain that, because he "doesn't know [E]nglish," Docket # 31, p. 2, and because it was his court-appointed counsel's fault that his first motion under Rule 60 had been deemed untimely, id., p. 4, he should be allowed to a file a second or successive petition. But because these undeveloped and frivolous arguments are not cognizable grounds under 28 U.S.C. §2244, they are summarily rejected.

**CIVIL NO. 12-1716 (SEC)**                                                                  **Page 4**

Cir. 2010) (citation omitted). Accordingly, "sections 2244 and 2255 forbid a district court from entertaining a 'second or successive' motion under section 2255 without permission from the court of appeals . . . ." Jamison v. United States, 244 F.3d 44, 45-46 (1st Cir. 2001) (citation omitted).

**Applicable Law and Analysis**

Here, the petitioner concedes he neither sought nor obtained the required authorization from the First Circuit. Under the AEDPA, however, "he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court . . . [is] without jurisdiction to entertain it." Burton, 549 U.S. at 153. This should dispose of the matter.

But the petitioner insists that such a noncompliance should be excused because, in his view, Alleyne applies retroactively. See Docket # 31, p. 4. This argument is hopeless.

To begin, it is incumbent upon the Supreme Court (or the First Circuit) — and not this court — to consider whether there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See Tyler v. Cain, 533 U.S. 656, 663 (2001). In all events, Alleyne does not carry the day for the petitioner. Many reasons abound, but it suffices to say that Alleyne does not apply retroactively. Although the First Circuit has not shed light on the matter, the Court of Appeals that have considered this issue have held that, while Alleyne apparently does set forth "a new rule of constitutional law," Simpson v. United States, 721 F.3d 875, 876 (7th Cir.2013), "this new rule of constitutional law has not been" 'made retroactive to cases on collateral review by the Supreme Court.'" In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (citing 28 U.S.C. § 2255(h)(2)); Simpson, 721 F.3d at 876 ("The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive . . . ." (citation omitted)); United States v. Redd, 735 F.3d 88,

**CIVIL NO. 12-1716 (SEC)**                                                                 **Page 5**

92 (2d Cir. 2013) (holding that "Alleyne did not announce a new rule of law made retroactive on collateral review"). The Court's lack of jurisdiction to entertain this action is undebatable.

One loose end remains. "A district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals." Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997) (citations omitted), cert. denied, 523 U.S. 1123 (1998).[2] Here, a transfer would not be "in the interest of justice", 28 U.S.C. § 1631, as there are neither "statute of limitations problems" nor "certificate of appealability issues." United States v. Barrett, 178 F.3d 34, 41 n. 1 (1st Cir. 1999); see also United States v. McNeill, No. 12-6129, 2013 WL 1811904, at * 5 n. 1 (4th Cir. May 1, 2013) (unpublished) ("Where a petitioner has filed multiple successive petitions, a court could find the petition frivolous and dismiss immediately."). To the contrary, the record shows that the petitioner has abused the system, having filed a flurry of second or successive habeas petitions cloaked as Rule 60 motions. Dismissal is, therefore, in order.

Finally, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability [COA] when it enters a final order adverse to the applicant." To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). For the foregoing reasons, this decision is neither wrong nor debatable; it is jurisdictionally required. The petitioner's COA is therefore **DENIED**.

---

[2]Under the First Circuit's recently amended Local Rule 22.1(e),

[i]f a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. . .

**CIVIL NO. 12-1716 (SEC)** **Page 6**

**Conclusion**

For the reasons stated, the petitioner's § 2255 motion is **DENIED**, and this case **DISMISSED** for want of jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of January, 2014.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge